1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KIRSTEN WINFIELD,                          )
                                           )
                    Plaintiff,             )        Case No.  2:14-cv-01034-MMD-CWH
                                           )
vs.                                        )        **ORDER**
                                           )
WAL-MART STORES, INC.,                     )
                                           )
                    Defendant.             )
_____)

    This matter involves Kirsten Winfield's personal-injury action against Walmart.  Before the

court is Walmart's Motion to Exclude Untimely Disclosed Damages (ECF No. 57), filed December

3, 2015.  The court also considered Ms. Winfield's response (ECF No. 62), filed December 18,

2015, and Walmart's reply (ECF No. 66), filed December 28, 2015.  The court conducted a hearing

on January 8, 2016.  (Mins. of Proceedings (ECF No. 67).)  For the reasons stated below,

Walmart's motion is granted.

<strong>I. BACKGROUND</strong>

    On August 24, 2012, Kirsten Winfield went to Walmart and allegedly slipped and fell in the

produce section.  (Compl. (ECF No. 1-2) at ¶ 7.)  Because Ms. Winfield incurred medical expenses,

she commenced this action about two years later, on June 25, 2014.  (*Id*. at ¶ 6.)

    Ms. Winfield's initial disclosures were due on July 22, 2014, and her disclosure included a

computation of damages for past medical expenses that totaled $64,213.40.  (Scheduling Order

(ECF No. 8) at ¶ 2; Pl.'s Initial Disclosures (ECF No. 57-3) at 6.)  In her first and second initial

disclosure supplements, Plaintiff's computations of damages figures remained unchanged.  On

October 7, 2014, Walmart notified Ms. Winfield that she had failed to comply with Rule 26(a)

identifying a discrepancy between Plaintiff's interrogatory responses[1] (which indicated the possibility of future medical costs, but provided no calculation), and the computation of damages, which gave no indication or computations regarding future medical costs.  (Letter (ECF No. 57-4).)  Walmart indicated that it relies on the calculation of damages to determine whether to hire an expert, and cited previous orders from this district regarding the possibility of sanctions for failure to timely correct Rule 26 disclosures.  (*Id.*)

Ms. Winfield supplemented her initial disclosure on November 24, 2014, the deadline for expert disclosures, by claiming various future medical expenses of $3,432,414.40[2] by Dr. Gross, and loss of earnings of $685,455.00 by Mr. Gamboa.  (Pl.'s Initial Designation of Expert Witnesses (ECF No. 38-6) at 47, 79.)  On February 27, 2015, Walmart filed its first motion to exclude damages (ECF No. 38), arguing that the disclosure was untimely and prejudicial.  On June 11, 2015, this court conducted a hearing and issued an Order granting Walmart's motion to exclude untimely disclosed various future medical expenses of $3,432,414.40, loss of earnings of $685,455.00 by Mr. Gamboa, and the untimely disclosed opinions of Dr. Gross and Anthony Gamboa.  (Mins. of Proceedings (ECF No. 44).)  The court held that Plaintiff's calculation of damages was untimely when she failed to provide any update to her computation of damages listed in her initial disclosure until the date of initial expert disclosures, and also failed to update the response to Interrogatory 13, and that her failure was neither substantially justified nor harmless.  (*See* Tr. of Proceedings (ECF No. 47) at 54-59.)  That matter is under appeal to the district court.  (Objection (ECF No. 46).)

/ / /

/ / /

/ / /

---

[1]  Specifically, Walmart's interrogatory asked whether an health provider had advised Ms. Winfield that she may require future treatment for the injuries sustained, and she responded "You would have to consult with physicians for this information."  (*See* Pl.'s Resp. to Interrogatories (ECF No. 57-12), Interrogatory Response No. 13 at p. 10.)

[2]  No surgical recommendation is apparent in Dr. Gross's medical life care plan.  (*See* ECF No. 38-6 at 39-47).

Ms. Winfield supplemented her initial disclosure and increased her computation of past medical damages to $66,033.40[3] on December 16, 2014.  (Pl.'s Fourth Supp. to Fed. R. Civ. P. 26(a)(1) Disclosures (ECF No. 57-6) at 8.)  Discovery closed on January 21, 2015.  (Scheduling Order (ECF No. 20).)

Walmart filed its second motion to exclude damages on June 24, 2015, arguing that the disclosure of a possible future lumbar fusion surgery by Dr. Kaplan was untimely (several months after the close of discovery) and prejudicial.  (Second Mot. to Exclude Damages (ECF No. 45).)  At a hearing on August 25, 2015, this court issued an order granting Walmart's motion to exclude Plaintiff's untimely disclosed records from Dr. Kaplan, Plaintiff's untimely disclosed expert opinions from Dr. Kaplan, and the $243,000 in future damages which Dr. Kaplan had projected for the surgery (hereinafter, the "Kaplan surgery.")  (Mins. of Proceedings (ECF No. 53).)  The court reasoned that Dr. Kaplan had evaluated Plaintiff and recommended the surgery back in November, 2014, but no documentation or calculation of damages for that surgery was provided to Walmart until April, 23, 2015.  (*See* Pl.'s Sixth Supp. to Fed. R. Civ. P. 26(a)(1) Disclosures (ECF No. 45-16) at 13.)[4]  The court found that the disclosure was untimely and prejudicial to Walmart.  (*See* Mins. of Proceedings (ECF No. 53); Tr. of Proceedings (ECF No. 54) at 23-28, 65.)  No appeal of that order was filed.

Ms. Winfield supplemented her initial disclosure calculation of damages which raised the past medical expenses to $74,745.42 on March 4, 2015 (ECF No. 57-7 at 10); to $83,719.42 on June 12, 2015 (ECF No. 57-9 at 11); to $93,952.61 on October 9, 2015 (ECF No. 57-10 at 11); and to $127,927.61 on October 29, 2015 (ECF No. 57-11 at 11).  These increases in past medical expenses prompted Walmart's third motion to exclude damages, which the court now addresses. / / /

---

[3]  This disclosure added an amount of $1,820 provided by Dr. Rosler, MD.  It is not clear whether this was a pre-existing bill which was discovered late, or new medical care.

[4]  *Compare* Plaintiff's 3rd supplemental disclosure dated November 24, 2014, of $3,432,414.40 (ECF No. 57-5 at 9) *with* Plaintiff's 6th supplemental disclosure dated April 23, 2015, of $3,675,814.40 (ECF No. 57-8 at 10), a difference of $243,400.

## II. LEGAL STANDARD

The guiding premise of the Federal Rules of Civil Procedure is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 26(a)(1), which governs initial disclosures, effectuates Rule 1's purpose by imposing an affirmative duty on litigants to disclose certain information, including a computation of damages, without waiting for a discovery request. *See* Fed. R.Civ.P. 26(a), Advisory Comm. Notes (1993).

Rule 26(a)(1)(A)(iii) requires a party to disclose "a computation of each category of damages claimed by the disclosing party." The plain language of the rule indicates that for disclosure purposes, damages are determined not by actual cost, but by what a party elects to claim. *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. denied*, 516 U.S. 822 (1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability); *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-2142-GMN, 2013 WL 6158461, at *4 (D. Nev. Nov. 20, 2013) ("Actual cost is not Rule 26(a)(1)(A)(iii)'s focus. The plain language of the rule states that 'a party must . . . provide . . . a computation of each category of damages claimed by the disclosing party.") (emphasis omitted); *Montilla v. Wal-Mart Stores, Inc.*, No. 2:13-cv-2348-GMN-VCF, 2015 WL 5458781(D. Nev. Sept. 16, 2015) (same). The rule requires parties to make a reasonable forecast of their damages so the opposing party may "prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993). The rule further requires that a party must make its initial disclosures based on the information then reasonably available to it, and that a party is not excused from making its disclosure because it has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E).

In turn, Rule 26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. Fed. R.Civ.P. 26(e)(1)(A). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Med. Clinics,* 323 Fed. Appx. 496, 500 (9th Cir. 2009). Supplementation means "correcting inaccuracies . . . based on information that was not available at the time of the initial

4

1   disclosure." *Id*. (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a

2   second disclosure so substantially different from the first that it could not qualify as a correction of

3   an incomplete or inaccurate expert report)).

4       If a party fails to timely disclose or supplement a computation of damages for each category

5   of damages that is claimed, that party is not allowed to use the information at a hearing or at trial

6   unless the failure to timely disclose the information was substantially justified or harmless.  *See*

7   Fed. R. Civ. P. 37(c)(1).  The party facing sanctions under Rule 37 bears the burden of showing

8   substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

9   1101, 1106–07 (9th Cir. 2001).  The district court has wide latitude in using its discretion to impose

10  discovery sanctions.  *Id*. at 1106.

11                                **III. DISCUSSION**

12      Walmart argues that all damages that Ms. Winfield disclosed after her initial disclosures

13  should be excluded from trial.  The court agrees.

14      Rule 26(a)(1)(A)(iii), and the court's order, required Ms. Winfield  to make her

15  computation of damages and a reasonable forecast of her future medical expenses by July 22, 2014.

16  (*See* Scheduling Order (ECF No. 8).)  Rule 26(a) is not concerned with actual costs.  *Patton*, 2013

17  WL 6158461, at *4.  Initial disclosures function as a form of notice pleadings, requiring a party to

18  include "a computation of each category of damages claimed by the disclosing party." *See* Fed. R.

19  Civ. P. 26(a)(1)(A)(iii).  Ms. Winfield's initial disclosure claimed $64,213.40 as past medical

20  expenses, and at the Rule 26 conference, it appears that counsel represented that no further

21  treatment was contemplated.[5]  Thereafter, Rule 26(e)(1)(A) permitted Ms. Winfield to correct any

---

[5]  Walmart sent a letter on July 8, 2014 to Ms. Winfield's counsel after the initial Rule 26 conference noting that counsel had represented that Ms. Winfield would not be seeking any damages for future medical treatment or wage loss because she had completed treatment.  *See* ECF No. 57-2 (Walmart's letter to Plaintiff's counsel noting that no future medical damages would be sought, and noting that Plaintiff objected to providing an IRS Release form because no future wage loss claim would be made.)  Ms. Winfield provided no written response to the letter, but  disputed in oral argument whether the Rule 26 meeting included any assurance that there was no future medical care contemplated.

1    inaccuracies with her initial forecast by supplementing her initial disclosure.  As discussed,

2    however, the court has found that the supplements of Dr. Gross, Mr. Gamboa, and Dr. Kaplan were

3    untimely and prejudicial, and were therefore excluded.

4         Ms. Winfield has now had the "Kaplan surgery."  The court understands the following new

5    "past" medical bill supplements to be costs for the Kaplan surgery: $74,745.42 on March 4, 2015

6    (ECF No. 57-7 at 10); $83,719.42 on June 12, 2015, (ECF No. 57-9 at 11);January 20, 2016

7    $93,952.61 on October 9, 2015 (ECF No. 57-10 at 11); and $127,927.61 on October 29, 2015 (ECF

8    No. 57-11 at 11).  It appears that Ms. Winfield has re-characterized the excluded future medical

9    expenses as past medical expenses when she received her doctors' bills, up to the current amount of

10   $127,927.61.  She argues that during the course of this litigation, her future medical bills have

11   become past medical bills.  But to allow Ms. Winfield to do so would be to end-run the court's

12   previous ruling, which excluded those Kaplan surgery expenses because the failure to timely

13   disclose them was neither  substantially justified nor harmless.  Moreover, Ms. Winfield's

14   argument would undermine the purpose of the rule, which is to place the opposing side on notice of

15   the damages in the case to allow it to meet the claims.  *See* Fed. R.Civ.P. 26(a)(1)(A)(iii).

16        Ms. Winfield's assertion that the court's rulings in *Montilla* and *Patton* require Plaintiff to

17   speculate both as to what her future treatment will be and what it will cost is incorrect.  Because the

18   rule is concerned with "claims" and not actual cost, compliance with Rule 26(a)(1)(A)(iii) requires

19   a party to look into the future and estimate what the party intends to claim at trial.  Because this

20   calculation is an estimation, it is necessarily uncertain and may be corrected "in a timely manner if

21   the party" making the disclosure learns "that some material respect" of the disclosure changed.

22   Fed. R. Civ. P. 26(e)(1)(A).  Rule 26(e) allows a party to "correct[] inaccuracies."  *Luke*, 323 Fed.

23   Appx. at 500.   However, Rule 26(e) prohibits what Ms. Winfield did here: revise her initial

24   disclosures to her advantage after the initial-disclosure deadline expired.  *See Luke,* 323 Fed. Appx.

25   at 500.  This prevented Walmart from being able "to prepare for trial or make an informed decision

26   about settlement."  *See* Fed. R.Civ.P. 26(a), Advisory Comm. Notes (1993).

27        Ms. Winfield asserts that she complied with Rule 26(e) because she supplemented her

28   initial  disclosure when information became available, specifically indicating that her letter of

October 15, 2014 placed Walmart on notice of the possibility of surgery.  (Letter (ECF No. 40-4) at 2.)  But no calculation or estimate of future expenses or the surgery to be conducted was made until long after the close of discovery, and no update of the responses to Walmart's interrogatories on that topic was ever provided.  Ms. Winfield provides no information to explain why she could not have obtained and provided an estimate of her future medical expenses from Dr. Kaplan in October or November 2014, prior to the close of discovery that occurred on January 21, 2015,[6] instead of April 23, 2015, when Ms. Winfield provided her sixth supplemental disclosure.

Ms. Winfield argues that Rule 37 sanctions are not warranted because Walmart was informed of the surgery at least ten times, and therefore was not prejudiced.  But aside from Ms. Winfield's October 15, 2014 letter, which equivocally states that "Ms. Winfield understands that surgery may be necessary," the other notices to Walmart occurred long after the close of discovery, and Ms. Winfield provides no justification for the late notice.  (Letter (ECF No. 40-4).)

Ms. Winfield's failure to provide a timely calculation of damages or other timely disclosure of her spinal lumbar fusion surgery prevented Walmart from being able to make an informed decision about settlement or preparation for trial during the discovery period.  Although Ms. Winfield argued that any prejudice to Walmart could be cured by reopening discovery, the court finds that in this case, reopening discovery neglects the overarching purpose in administering the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Rule 26(a) effectuates this purpose by requiring parties to make disclosures without waiting for a discovery request.  Fed. R. Civ. P. 26(a).  In turn, Rule 37(c) "gives teeth" to the disclosure requirements by implementing self-executing sanctions.  *Yeti by Molly, Ltd.*, 259 F.3d at 1106.  Discovery is expensive.  Permitting Ms. Winfield to cure her violation of Rule 26(a) by reopening discovery would, in effect, violate Rule 1 and Rule 37(c).  The court, therefore, declines to do so.

Ms. Winfield  revised her initial disclosures five times and changed her damages from $64,213.40 to $127,927.60, something she may not do.  *See Keener v. United States*, 181 F.R.D. at

---

[6] It appears that Ms. Winfield consulted with Dr. Kaplan on October 20, 2014, at the request of her attorney.  (*See* ECF No. 57-7 at 30-31.)

640 (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)).  This untimely increase of $63,714, effectively doubling her damages, prejudices Walmart.  Accordingly, Rule 37(c)(1) sanctions are appropriate.

Courts in the District of Nevada routinely exclude damages claims that are not timely disclosed pursuant to Rule 26(a).  *See, e.g., Montilla v. Wal-Mart Stores, Inc.*, 2:13-cv-2348-GMN-VCF, 2015 WL 5458781 (D. Nev. Sept. 16, 2015); *Smith v. Wal-Mart Stores, Inc.*, No. 2:13-cv-1597-MMD-VCF, 2014 WL 3548206, at *3 (D. Nev. July 16, 2014);  *Patton v. Wal–Mart Stores, Inc.*, No. 2:12-cv-2142-GMN-VCF, 2013 WL 6158461 (D. Nev. Nov. 20, 2013);  *Rios v. Wal-Mart Stores, Inc.,* No. 2:11-cv-1592-KJD-GWF (D. Nev. Dec. 11, 2013);  *Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1064-MMD-PAL (D. Nev. July 8, 2013);  *Olaya v. Wal-Mart Stores, Inc.,* No. 2:11-cv-0997-KJD-CWH (D. Nev. Aug. 7, 2012);  *Baltodano v. Wal-Mart Stores, Inc.*, No. 2:10-cv-2062-JCM-RJJ (D. Nev. Aug. 31, 2011).

Therefore, the court finds that Ms. Winfield failed to comply with Rules 26(a) and (e), and the exclusion of damages is an appropriate sanction.  Her medical damages are limited to what she disclosed in her July 22, 2014 disclosure: $64,213.40.

**IT IS THEREFORE ORDERED** that Walmart's Motion to Exclude (ECF No. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ms. Winfield 's medical damages are limited to $64,213.40.


DATED: January 20, 2016


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**