UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIRSTEN WINFIELD, | Case No. 2:14-cv-01034-MMD-CWH |
| Plaintiff, | |
| v. | ORDER |
| WAL-MART STORES, INC. a Delaware corporation, d/b/a WAL-MART STORE #2884, DOES I-V, and ROE CORPORATIONS I-V, inclusive, | (Plf.'s Objections or Mot. to Reconsider – dkt. no. 46; Plf.'s Objections or Mot. to Reconsider – dkt. no. 74) |
| Defendants. | |

## I.    SUMMARY

The following are presently before the Court: (1) Plaintiff's Objection and Motion for Reconsideration of the Magistrate's [June 11, 2015, ruling][1] ("June Order") (dkt. no. 46); and (2) Plaintiff's Motion for Reconsideration of Magistrate's January 20, 2016, Order ("January Order") (dkt. no. 74) ("collectively, "Motions"). The Court has also considered Defendant Wal-Mart Stores, Inc.'s responses. (Dkt. nos. 48, 76.) For the reasons discussed below, both Motions are denied.

## II.   BACKGROUND

This case arises out of a slip-and-fall accident Plaintiff Kirsten Winfield allegedly suffered at Wal-Mart Store #2884 in Las Vegas, Nevada. The Complaint alleges that Plaintiff slipped and fell on a floor mat and that Defendant breached its duty to Plaintiff by not properly inspecting the premises or warning Plaintiff of the hazardous condition.

---

[1] Although identified as a "report and recommendations" the basis of Plaintiff Kirsten Winfield's objection is Magistrate Judge Hoffman's June 11, 2015, oral ruling (dkt. no. 44) pursuant a magistrate judge's authority to determine pretrial matters. 28 U.S.C. § 636(b)(1)(A); LR IB 1-3.

### A.     June 11, 2015 Order

The basis of Plaintiff's objection to the Magistrate Judge's June Order (dkt. no. 44) is that on November 24, 2014, the date of the expert disclosure deadline, Plaintiff disclosed computations of damages for two categories: future medical expenses of $3,432,414.40; and past and future loss of earnings of $685,455.00. In addition, Plaintiff produced expert reports of Dr. Gross, supporting the future medical expenses computation, and Mr. Gamboa, supporting the loss of earnings computation. Before this, Plaintiff had not disclosed either of these damage computations or the existence of the experts. Plaintiff's initial disclosure contained only a damage computation for past medical expenses of $64,213.40.

Defendant moved to exclude the special damages and expert opinions pursuant to Federal Rules of Civil Procedure ("Rule") 37(c)(1) (dkt. no. 38), arguing that Plaintiff violated her initial disclosure obligations under Rule 26(a)(1)(A)(iii) and her obligation to supplement the disclosure under Rule 26(e)(1)(A). Defendant asserted that these violations, coupled with Plaintiff's representations at the outset of the case, created a false impression as to the scope of the case and prejudiced Defendant's ability to prepare its defense. Plaintiff responded that she complied with her discovery obligations by providing all of the information available to her in the Rule 26(a)(1)(A)(iii) initial disclosure and then supplementing the initial disclosure pursuant to Rule 26(e)(1)(A) as the information became available. Plaintiff explained that she did not know the amount of damages until she consulted with the experts and that she timely supplemented the initial disclosure by the expert disclosure deadline. Plaintiff additionally argued that even if her conduct resulted in a violation of Rule 26, it was harmless because Defendant knew that Plaintiff was still treating and refused to accept Plaintiff's offers to cure any prejudice.

Magistrate Judge Hoffman granted Defendant's motion, holding that Plaintiff's calculation of damages was untimely because she failed to provide any update to her computation of damages listed in her initial disclosure until the date of the expert

disclosure deadline, and also failed to supplement her response to Interrogatory No. 13.[2] Magistrate Judge Hoffman found that Plaintiff did not make a reasonable inquiry into the computation of damages, but instead deferred to her expert witnesses to determine the calculation. Regarding the future medical expense computation, Magistrate Judge Hoffman based his ruling on the fact that, at the very least, the information was reasonably available to Plaintiff on October 25, 2014, which is the date of Dr. Gross's report. Notwithstanding, Plaintiff waited until the November 24, 2014, expert disclosure deadline to provide the damage computation. Magistrate Judge Hoffman determined that these failures were neither substantially justified nor harmless because Defendant did not have an adequate opportunity to prepare its case and, short of restarting discovery, there was no adequate remedy.

On June 25, 2015, Plaintiff objected to the ruling pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and LR IB 3-1.

### B.    January 20, 2016, Order

The basis of Plaintiff's objection to the Magistrate Judge's January 20, 2016, Order (dkt. no. 68) is that Plaintiff supplemented her initial disclosures, progressively increasing her *past* medical expenses computation to $127,927.61 as of October 2015, to reflect a September 2015 lumbar fusion surgery completed by Dr. Kaplan. However, before the surgery, on August 25, 2015, Magistrate Judge Hoffman granted Defendant's motion to exclude Plaintiff's untimely disclosed records from Dr. Kaplan, Plaintiff's untimely disclosed expert opinions from Dr. Kaplan, and the $234,000 in future damages which Dr. Kaplan had projected for the surgery. (Dkt. no. 53.) Magistrate Judge Hoffman determined that Plaintiff's disclosures were untimely and prejudicial because, although Dr. Kaplan had evaluated Plaintiff in October 2014 and recommended surgery by November 2014 (before the January 2015 discovery deadline), Plaintiff inexplicably ///

---

[2]Interrogatory No. 13 inquired about whether any health care providers had advised Plaintiff that she may require future treatment for the injuries sustained.

1   failed to provide any damage computation until April 23, 2015. Additionally, Plaintiff

2   failed to supplement her response to Interrogatory No. 13. Accordingly, Magistrate Judge

3   Hoffman excluded the "Kaplan surgery" expenses, finding the failure to timely disclose

4   was neither substantially justified nor harmless. Plaintiff did not appeal the order.

5        On December 3, 2015, Defendant moved to exclude all supplements of past

6   medical damage computations Plaintiff made after her initial disclosure pursuant to Rule

7   37(c)(1) (dkt. no. 57), arguing that Plaintiff violated her discovery obligations under Rule

8   26(a)(1)(A)(iii) and Rule 26(e)(1)(A). (Dkt. no. 57.) Defendant asserted that Plaintiff was

9   attempting to use Rule 26(e) as a loophole to supplement her damage computation to

10  her advantage after the initial disclosure and discovery deadlines, denying Defendant

11  the opportunity to defend against the claim. Plaintiff responded that the now-completed

12  Dr. Kaplan surgery should be characterized as a "past" damage and that Plaintiff

13  complied with her obligations under Rule 26 because Defendant was aware of the

14  surgery and Plaintiff supplemented her damages as she received the billing statements.

15  Plaintiff additionally argued that, even if her conduct resulted in a violation of the rule, it

16  was harmless because Defendant caused its own prejudice by not conducting an

17  investigation, even though Plaintiff offered to reopen discovery.

18       Magistrate Judge Hoffman granted Defendant's motion, holding that Plaintiff could

19  not re-characterize the surgery expenses as a "past" damage on account of her previous

20  failures to timely disclose Dr. Kaplan's surgical estimate and supplement her response to

21  Interrogatory No. 13. (Dkt. no. 68.) Magistrate Judge Hoffman noted that permitting

22  Plaintiff to re-characterize the surgery as a "past" damage would not only circumvent his

23  August 25, 2015, ruling, but also undermine the purpose of Rule 26. Magistrate Judge

24  Hoffman determined that the untimely disclosures were neither substantially justified nor

25  harmless and that reopening discovery would neglect the overarching purpose in

26  administering the Federal Rules of Civil Procedure. Finally, Magistrate Judge Hoffman

27  ordered that Plaintiff's medical damages be limited to the $64,213.40 contained in her

28  July 22, 2014, initial disclosure.

1    On February 3, 2016, Plaintiff objected to the Order pursuant to 28 U.S.C. §
2    636(b)(1)(A), Fed. R. Civ. P. 72(a), and LR IB 3-1.

3    **III.    LEGAL STANDARD**

4    Magistrate judges are authorized to resolve pretrial matters subject to district
5    court review under a "clearly erroneous or contrary to law" standard.   28 U.S.C. §
6    636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may
7    reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case
8    pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is
9    clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if
10   the court has "a definite and firm conviction that a mistake has been committed." *See*
11   *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*,
12   979 F.2d 1369, 1370 (9th Cir. 1992).  "An order is contrary to law when it fails to apply or
13   misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*,
14   767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F.
15   Supp. 2d 159, 163 (E.D.N.Y. 2006)).  When reviewing the order, however, the magistrate
16   judge "is afforded broad discretion, which will be overruled only if abused." *Columbia*
17   *Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may
18   not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and*
19   *County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS*,
20   *Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

21   **IV.    DISCUSSION**

22   As an initial matter, the Court will address the briefing relating to Plaintiff's
23   Motions. Local Rule IB 3-1(a) prescribes the procedure for a party to seek review of a
24   magistrate judge's decision involving pretrial matters. It authorizes the filing of an
25   objection to the magistrate judge's decision and a response, but it does not provide for
26   the filing of a reply. LR IB 3-1(a). Here, Plaintiff filed an objection to the Magistrate
27   Judge's June and January Orders, as well as a reply to Defendant's responses.
28   ///

5

Because Local Rule IB 3-1(a) does not provide for such, the Court will not consider Plaintiff's reply briefs (dkt. nos. 50, 77) and orders that they be stricken.

### A.   Objection to the June 11, 2015, Order (dkt. no. 46)

Plaintiff contends that Magistrate Judge Hoffman's Order is contrary to law because she complied with Rule 26(a)(1)(A)(iii) by initially disclosing the damages known to her and then supplementing her initial disclosures pursuant to Rule 26(e)(1)(A) when she obtained an estimate of future damages from her expert witnesses. Plaintiff argues that Rule 26 does not require her to provide an estimate of damages, but instead to disclose the information as it becomes available to her during the discovery period.

Rule 26(a)(1)(A)(iii) states that "a party must … provide … a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party must make its initial disclosures based on the information reasonably available to it and is not excused from its obligations due to a failure to fully investigate the case. Fed. R. Civ. P. 26(a)(1)(E). Here, Magistrate Judge Hoffman determined that information related to Plaintiff's future damages was reasonably available to her before the expert disclosure deadline. Specifically, Magistrate Judge Hoffman found that Plaintiff failed to inquire into her future damages, but rather waited to obtain calculations from expert witnesses. This is supported by the record, given Plaintiff's attorney's explanation that future damages were not initially disclosed because "at that point the experts hadn't even been consulted to know whether there would be futures." (Dkt. no. 47, 38:12-24.) Nonetheless, future expert analysis does not relieve a plaintiff of the obligation to inquire and report the information reasonably available to her at the initial disclosure deadline. *See Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-cv-01064-MMD-PAL, 2013 WL 6498898, at *3 (D. Nev. Dec. 10, 2013). Moreover, Plaintiff's argument that her disclosure was timely pursuant to Rule 26(e)(1)(A) because she provided it by the expert disclosure deadline is unavailing. Dr. Gross's $3,432,414.40 estimate was available approximately one month prior to the deadline and Plaintiff provides no explanation as to why she could not have supplemented her disclosure at that time. Consequently, the

1    Magistrate Judge's findings as to Plaintiff's failure to comply with Rules 26(a) and (e) are

2    not clearly erroneous or contrary to law.

3        Plaintiff argues that even if her failure to disclose was a violation, it was harmless

4    because she provided the computations before the close of discovery. However, noting

5    that one purpose of Rule 26(a)'s disclosure requirement is to provide defendants with a

6    framework to conduct discovery, Magistrate Judge Hoffman determined that Defendant

7    was prejudiced by the late disclosure because Defendant relied on Plaintiff's initial

8    disclosure to shape its discovery plan. The Court agrees that Plaintiff's disclosures on

9    the expert disclosure deadline (four-months into the discovery period) significantly

10   changed the nature of the case and therefore denied Defendant an adequate opportunity

11   to prepare its defense.

12       Plaintiff also contends that Defendant caused its own prejudice because it did not

13   accept Plaintiff's offers to extend the discovery deadline or to have the Magistrate Judge

14   resolve the dispute over Plaintiff's Rule 26 obligations. This argument is unconvincing. It

15   is Plaintiff's duty to comply with Rule 26 and she is, in essence, attempting to shift the

16   blame for not meeting those obligations. Moreover, Plaintiff asserts that she acted in

17   good faith and put Defendant on notice of the damages as they became available to her.

18   As Magistrate Judge Hoffman noted, although Defendant requested rule-complaint

19   disclosures, Plaintiff did not provide Dr. Gross's future medical expense estimate until

20   the expert disclosure deadline.[3] The Court agrees with the Magistrate Judge that

21   Plaintiff's conduct here demonstrates a degree of willfulness to withhold the information

22   until that deadline. Finally, Magistrate Judge Hoffman's conclusion that the prejudice

23   could only be cured by completely "rebooting" discovery, and his decision to exclude Dr.

24   ///

25   ///

26        [3]Specifically, Defense counsel sent Plaintiff's counsel two letters in October 2014
     explaining in detail that Plaintiff's disclosures were deficient, that Defendant relied on the
27   disclosures to prepare its defense, and that Defendant would move to exclude any future
     medical expenses Plaintiff disclosed on the expert disclosure deadline. (Dkt. nos. 38-5,
28   38-10.)

1 Gross's and Mr. Gamboa's estimates and opinions instead of restarting discovery, are

2 not clearly erroneous or contrary to law.  Accordingly, the Court denies Plaintiff's Motion.

3       **B.**    **Objection to the January 20, 2016, Order (dkt. no. 68)**

4      Plaintiff contends that Magistrate Judge Hoffman's Order is contrary to law

5 because she complied with Rule 26(a)(1)(A)(iii) by initially claiming $64,213.40 in past

6 medical damages and then supplementing her initial disclosures pursuant to Rule

7 26(e)(1)(A) after Dr. Kaplan completed the lumbar fusion surgery in September 2015.

8 The Court, however, agrees with Magistrate Judge Hoffman that characterizing the

9 surgical costs as a past medical expense would "end-run" his August 25, 2015, ruling

10 (dkt. no. 53).[4] As Magistrate Judge Hoffman explained, the $243,000 in "Kaplan surgery"

11 expenses was already excluded.

12      Plaintiff argues that Magistrate Judge Hoffman's interpretation of Rule 26

13 related case law would require a Plaintiff to "know things before they are knowable" or to

14 "forfeit" any treatment after the initial disclosures deadline. This is belied by the record.

15 Magistrate Judge Hoffman found that Plaintiff failed to timely supplement her damages

16 computation and response to Interrogatory No. 13 when Dr. Kaplan's surgery should

17 have been known to Plaintiff in October or November 2014.

18      Nevertheless, Plaintiff asserts that Magistrate Judge Hoffman erred by not

19 considering Dr. Kaplan's surgery a "past" damage because, according to Plaintiff, all

20 damages that occur prior to trial are "past" damages. Notably though, Plaintiff fails to

21 explain how re-charactering the surgery as a "past" damage would either negate her

22 obligation, or cure her failure, to timely disclose a reasonable forecast of the surgical

23 expenses and supplement her response to Interrogatory No. 13. By arguing that the

24 surgery is now a "past" damage Plaintiff asks the Court to either ignore Magistrate Judge

25 ///

26 

27        [4]Plaintiff appears to contend that the June 11, 2015, ruling excluded Dr. Kaplan's surgery estimate, rather than the August 25, 2015, ruling. However, Magistrate Judge Hoffman's January 20, 2016, Order confirms that the "Kaplan surgery" was excluded by

28 the August 25, 2015 ruling, which Plaintiff did not appeal.

Hoffman's August 25, 2015, ruling, or to disregard the Rule 26 violation, because Dr. Kaplan completed Plaintiff's surgery before trial. But doing so would undermine the purposes of Rule 26 and Rule 37(c). The Court therefore finds that Magistrate Judge Hoffman did not err when he ruled that Plaintiff's re-characterization of Dr. Kaplan's surgery as a "past" damage does not cure her prior failure to timely disclose Dr. Kaplan's $243,000 surgical estimate and reports. Consequently, the Magistrate Judge's findings as to Plaintiff's failure to comply with Rules 26(a) and (e) are not clearly erroneous or contrary to law.

Plaintiff argues that even if her failure to disclose was a violation, it was not harmful. To the extent that Plaintiff provided Defendant with updates on the surgery *after* the close of discovery, that does not cure the prejudice Plaintiff initially caused by not timely disclosing the damage computation before the discovery deadline. The Court agrees with Magistrate Judge Hoffman that Plaintiff's late disclosures prejudiced Defendant by preventing it from being able to make an informed decision about settlement or continued preparation for trial during the discovery period. The Court also notes that Defendant had no control over Plaintiff's offers to reopen discovery because discovery can be reopened only by order of the court.

Plaintiff contends that Magistrate Judge Hoffman placed too much emphasis on Rule 1's mandate to secure a "speedy" trial at the expense of a "just" trial. Specifically, Plaintiff argues that reopening discovery will cure the prejudice, but it will not disrupt the trial scheduled for November 1, 2016. But the discovery deadline is not a bar that may be shifted to allow one party to ignore its discovery obligations to the prejudice of the other party. Here, Magistrate Judge Hoffman correctly found that reopening discovery would not effectively cure the prejudice to Defendant. Plaintiff additionally asserts that she did not act in bad faith because she "promptly disclosed the need for additional treatment and thereafter, the specific amount of damages … as soon as those amounts became known to her." (Dkt. no. 74, 6:11-14.) As Magistrate Judge Hoffman noted, while Plaintiff informed Defendant that she "might" need surgery, Plaintiff has never explained

why she could not have obtained Dr. Kaplan's estimate and provided it to Defendant before the January 2015 discovery deadline, as opposed to when Plaintiff actually disclosed the estimate in April 2015. The Court agrees with the Magistrate Judge that the absence of a proffered explanation reveals a degree of willfulness to withhold the information until after the close of discovery. Finally, the Court generally agrees with Plaintiff's statement that public policy favors the disposition of a case on its merits. However, under the circumstances here, Magistrate Judge Hoffman's decision as to the Rule 37(c)(1) sanctions is not clearly erroneous or contrary to law. Accordingly, the Court denies Plaintiff's Motion.

### C.   Appropriateness of Sanctions

The Ninth Circuit Court of Appeals has instructed that if the preclusion order "amount[s] to dismissal of a claim," the district court must consider (1) whether the noncompliance involved willfulness, fault, or bad faith, and (2) the availability of lesser sanctions. *R & R Sails, Inc. v. Ins. Co. of Penn.,* 673 F.3d 1240, 1247 (9th Cir. 2012). While Plaintiff does not argue that the Magistrate Judge's sanction orders limit her recovery of damages such that they are tantamount to dismissal, the Court has nevertheless considered this potential impact here. As discussed above, the Magistrate Judge found that Plaintiff's violations of the discovery rules are willful. The Court agrees that there exists no less drastic remedy than limiting the recovery of damages that should have been timely disclosed.

### V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiff's Motions.

It is therefore ordered that Plaintiff Kirsten Winfield's Objection and Motion for Reconsideration of the Magistrate's [June 11, 2015, ruling] (dkt. no. 46) is denied.

///

It is further ordered that Plaintiff Kirsten Winfield's Motion for Reconsideration of Magistrate's January 20, 2016, Order (dkt. no. 74) is denied.

It is further ordered that Plaintiff's reply briefs (dkt. nos. 50, 77) are stricken.

DATED THIS 22nd day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

11