**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRSTEN WINFIELD, | )<br>) |
|         Plaintiff, | )   Case No. 2:14-cv-01034-MMD-CWH<br>) |
| vs. | )   **ORDER**<br>) |
| WAL-MART STORES, INC., | )<br>) |
|         Defendant. | )<br>) |

This matter involves Kirsten Winfield's personal-injury action against Walmart. Before the court is Ms. Winfield's Motion to Reopen Discovery (ECF No. 86), filed March 23, 2016. The court also considered Walmart's response (ECF No. 87), filed April 8, 2016, and Ms. Winfield's reply (ECF No. 88), filed April 18, 2016. The court conducted a hearing on June 6, 2016. (Mins. of Proceedings (ECF No. 93).)

**I. BACKGROUND**

The parties are well versed regarding the facts in this case, and so they will only be repeated as necessary for this order. Discovery closed on January 21, 2015. Ms. Winfield underwent lateral and posterior lumbar fusion surgery on September 21, 2015, to repair injuries she claims were the result of a slip and fall on August 25, 2012 at Walmart. She seeks to reopen discovery into all past and future damages previously excluded because she believes that surgery has been unsuccessful, and she will require additional, lifelong treatment. She argues that the potentially failed surgery constitutes new evidence and changed circumstances that were completely unforeseeable during the discovery period, and a material change to her medical condition. Trial is scheduled for November 1, 2016.

This court previously excluded under Federal Rules of Civil Procedure 37(c) Plaintiff's untimely disclosed records from Dr. Kaplan, Plaintiff's untimely disclosed expert opinions from Dr. Kaplan, and the $234,000 in future damages for a lumbar surgery referred to as the "Kaplan surgery." (Order (ECF No. 85) at 3:19-22.) This court also previously imposed Rule 37(c) exclusion sanctions due to Plaintiff's failure to timely disclose $3,432,414.40 in future medical damages (set forth in a "life care plan") and $685,455.00 in past and future lost earnings, and the prejudice caused to Defendant by those tardy disclosures. (*Id.* at 2-3.) Plaintiff objected to those decisions, and on March 22, 2016, Judge Du overruled Plaintiff's objections to those decisions. (*Id.*)

Plaintiff now moves to reopen discovery, arguing that there is good cause to extend discovery because her medical condition has unforeseeably changed and that the exclusion of this evidence would be tantamount to dismissal, which is contrary to the preferred resolution of cases on their merits. At the hearing on this matter, Plaintiff argued specifically that she desires to present evidence to the jury that the Kaplan surgery potentially failed. Besides argument of counsel, Plaintiff does not provide citation to evidence or authority indicating that it was not foreseeable that the surgery would fail. Walmart responds that the motion improperly re-litigates matters that have already been adjudicated, that Plaintiff was not diligent in conducting future damages discovery during the discovery period, and that the request to reopen discovery has already been denied.

## II.  DISCUSSION

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a scheduling order may be modified only for good cause and with the judge's consent. Local Rule 26-4 states that a request for extension made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A request to reopen discovery falls within the ambit of the good cause requirements of Rule 16(b)(4) and LR 26-4. *Abila v. United States*, 2013 WL 486973, *4 (D. Nev. Feb. 6, 2013).

/ / /

/ / /

The meaning of "good cause" under Rule 16(b) primarily considers the diligence of the party seeking the extension:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quotations and internal citations omitted).

Here, the court finds that Plaintiff was not diligent in pursuing the evidence she needed to pursue her future damages claim, that is, the Kaplan surgery. At the hearing on this matter, counsel candidly admitted that he had no explanation for the failure—from October 2014, when Dr. Kaplan opined that the surgery might be necessary, until April 2015—for prior counsel to disclose the surgery that was eventually performed. The lack of diligence lead to the sanction. If Plaintiff had disclosed the surgery in a timely manner, a supplement to that disclosure based upon a change in "some material respect" such as the surgery being unsuccessful might have been appropriate. Fed. R. Civ.P. 26(e)(1)(A). Plaintiff essentially argues that she should be excused from making the initial disclosure of claimed damages because she has an unforeseen medical condition for the first time after the close of discovery. The court is not persuaded by this argument.

Additionally, Rule 26(a)(1)(A)(iii) requires parties to make a reasonable forecast of their damages so the opposing party may "prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993). Reopening discovery in this situation effectively negates the court's previous sanction of exclusion of both the surgery and generally, the future medical damages set forth in the life care plan. The failure to timely disclose the evidence prejudiced Walmart's ability to adequately prepare its case without reopening discovery, which had already been completed. This court previously determined that Walmart would be prejudiced as the result of the untimely disclosure, and that extending, or reopening discovery would not cure the prejudice. (Order (ECF No. 68) at 7 (stating that "the court finds that in this case, reopening discovery neglects the overarching purpose in administering the Federal

Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive determination of every action.'")  Judge Du affirmed that order, stating that "the absence of proffered explanation reveals a degree of willfulness to withhold the information until after the close of discovery."  (Order (ECF No. 85) at 10.)  She further ruled that in light of the findings of willfulness by the undersigned, the harsh results from the sanction are nevertheless justified because there is no less drastic remedy than limiting the recovery of damages that should have timely been disclosed.  (*Id.*)  Given that Plaintiff was not diligent in pursuing discovery and that reopening discovery would effectively negate the sanctions previously imposed in this case, the court will not reopen discovery.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Ms. Winfield's Motion to Reopen Discovery (ECF No. 86) is **DENIED**.

DATED: June 9, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4