UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIRSTEN WINFIELD, | Case No. 2:14-cv-01034-MMD-CWH |
| Plaintiff, | |
| v. | ORDER |
| WAL-MART STORES, INC. a Delaware corporation, d/b/a WAL-MART STORE #2884, DOES I-V, and ROE CORPORATIONS I-V, inclusive, | |
| Defendants. | |

**I.    SUMMARY**

This Order addresses Plaintiff's objection to Magistrate Judge Hoffman's decision to deny Plaintiff's motion to re-open discovery ("Objection"). (ECF No. 131.) Defendant filed a response (ECF No. 133) to which Plaintiff replied (ECF No. 134).[1] However, Plaintiff's reply is not permitted under LR IB 3-1(a). Accordingly, Plaintiff's reply (ECF No. 134) will be stricken. For the reasons discussed below, Plaintiff's Objection is denied.

**II.   RELEVANT BACKGROUND**

This case arises out of a slip-and-fall accident Plaintiff Kirsten Winfield allegedly suffered at Wal-Mart Store #2884 in Las Vegas, Nevada. The Complaint alleges that

---

[1]Local Rule IB 3-1(a) prescribes the procedure for a party to seek review of a magistrate judge's decision involving pretrial matters. It authorizes the filing of an objection to the magistrate judge's decision and a response, but it does not provide for the filing of a reply. LR IB 3-1(a). The Court reiterated this procedure in its previous Order when the Court directed that Plaintiff's replies (ECF Nos. 50, 77) be stricken. (ECF No. 85 at 5-6.)

Plaintiff slipped and fell on a floor mat and that Defendant breached its duty to Plaintiff by not properly inspecting the premises or warning Plaintiff of the hazardous condition.

The lengthy procedural history is recited in the Court's previous Order. (*See* ECF No. 85.) As pertinent to Plaintiff's Objection, discovery closed on January 21, 2015. (ECF No. 20 at 2.) On February 2, 2016, the Court granted the parties' Joint Pre-Trial Order setting trial to begin on November 1, 2016. (ECF No. 70.) On March 22, 2016, the Court denied Plaintiff's motions for the Court to reconsider Magistrate Judge Hoffman's (1) June 11, 2015, Order (ECF No. 44) excluding special damages relating to future medical expenses and past and future loss of earnings of $685,455.00 and expert opinions;[2] and (2) January 20, 2016, Order (ECF No. 68) excluding all supplements of past medical damage computations Plaintiff made after her initial disclosure. (ECF No. 85.) The next day, Plaintiff moved to reopen discovery (ECF No. 86), which was denied (ECF No. 94).

On October 19, 2016, the Court vacated the November 1, 2016, trial date due to a conflict in the Court's trial calendar. (ECF No. 124.) Trial was reset to October 3, 2017.[3] (*Id.*)

On November 22, 2016, Plaintiff filed her third motion to reopen discovery, citing the delay in trial and her ongoing medical complications as good cause to reopen discovery. (ECF No. 125.) The Magistrate Judge denied her request following a hearing. (ECF No. 130.)

## III. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial

///

---

[2] Plaintiff's Objection contains conflicting statements as to the status of her objection to the January 20, 2016, Order. (Compare ECF No. 131 at ¶ 18 (stating that the Court denied the objection) with ECF No. 131 at 17 n. 59 (suggesting the Court has not ruled on her objection).)

[3] Trial was set almost a year out, instead of six months, to accommodate prior personal commitments of counsel for the parties. (ECF No. 128-3.)

2

matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**IV.    DISCUSSION**

Plaintiff's premise for seeking to reopen discovery is the contention that Defendant can no longer claim prejudice that it was unable to prepare its defenses during discovery because of the Court's continuance of trial to October 3, 2017. (ECF No. 131.) Setting aside the fact that trial is continued for almost a year in part to accommodate counsel's personal commitments (ECF No. 128-3), Plaintiff's argument ignores the Magistrate Judge's reasons for his discovery rulings, which this Court addressed in its Order denying Plaintiff's motions for reconsideration. (ECF No. 85.) In particular, in addressing Plaintiff's argument that her failure to timely disclose special damages and to disclose expert opinions was harmless, the Court agreed with the Magistrate Judge that "Plaintiff's disclosures on the expert disclosure deadline (four-months into the discovery period) significantly changed the nature of the case and therefore denied Defendant an adequate opportunity to prepare its defense." (ECF No. 85 at 7.) More importantly, the Court agreed with the Magistrate Judge that "Plaintiff's conduct here demonstrates a degree of willfulness to withhold the information until that deadline [to disclose experts]." (*Id.*) Indeed,

the Court noted that Judge Hoffman found that the prejudice to Defendant "could only be cured by completely 'rebooting' discovery." (*Id.*) Plaintiff's suggestion that any prejudice to Defendant could be cured by the continuance of trial disregards the Court's prior rulings, as the Magistrate Judge reiterated in denying Plaintiff's motion to reopen discovery. (ECF No. 132 at 2-3, 22.) Under the circumstances presented here, the Magistrate Judge's decision to deny Plaintiff's request to reopen discovery is not clearly erroneous or contrary to law.

**V. CONCLUSION**

It is therefore ordered that Plaintiff's Objection and Motion for Reconsideration (ECF No. 131) is denied.

It is further ordered that Plaintiff's reply brief (ECF No. 134) is stricken.

DATED THIS 8th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE