UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KIRSTEN WINFIELD,

                Plaintiff,

v.

WAL-MART STORES, INC. a Delaware corporation, d/b/a WAL-MART STORE #2884, DOES I-V, and ROE CORPORATIONS I-V, inclusive,

                Defendants.

Case No. 2:14-cv-01034-MMD-CWH

ORDER

## I. SUMMARY

This case arises out of a slip-and-fall accident Plaintiff Kirsten Winfield allegedly suffered at Wal-Mart Store #2884 in Las Vegas, Nevada when she slipped and fell on a floor mat. The Complaint asserts a single claim for negligence, claiming that Defendant breached its duty to Plaintiff by not properly inspecting the premises or warning Plaintiff of the hazardous condition. (ECF No. 1-2.) Before the Court are three motions in limine filed by Plaintiff (ECF Nos. 105, 106, 107, 108)[1] and four motions in limine filed by Defendant (ECF Nos. 109, 110, 111, 112).[2] The Court has reviewed the briefs relating to these motions.

---

[1] ECF No. 108 offers an exhibit that was omitted from the motion.

[2] The Court's Civil Standing Order provides that the parties should file one consolidated motion in limine instead of separate motions. (*See* Civil Standing Order No. 1: http://www.nvd.uscourts.gov/files/Civil%20Standing%20Order%20May%202016.pdf.) Defendant did consolidate several motions into one motion, but the effect of filing multiple separate motions is that they contain duplicative discussions about the facts and the legal standard and unnecessarily wastes the parties and the Court's time. (ECF Nos. 109, 110, 111.) It is not clear why Defendant took this piecemeal approach of grouping several motions into one filing for three of the filings.

## II. LEGAL STANDARD

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); accord *Luce,* 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III. DISCUSSION

The parties present arguments relating to their motions in limine. Because of the multiple separate motions filed, the Court will address the motions without summarizing the parties' arguments.

### A. ECF No. 105

The Court agrees with Defendant that Plaintiff's past medical bills are probative of Plaintiff's claim of pain and suffering even though Plaintiff is not seeking to recover the amount of past medical expenses. The extent of the physical injuries provide context for the jury to assess Plaintiff's claim of pain and suffering. The extent of the physical injuries may also be offered for impeachment purposes as well. However, the Court agrees with Plaintiff that the actual amount of medical bills relating to past medical expenses is not relevant, except with respect to physician witnesses. To the extent medical bills reflect medical liens and the amount of the medical liens by any physician who testifies at trial, those bills are admissible to establish potential bias on the part of the physician witness. *See Khoury v. Seastrand,* 377 P.3d 81, 93 (Nev. 2016) (suggesting that medical liens may be admitted to prove bias and such admission does not invoke the collateral source rule).

Plaintiff's motion is granted in part and denied in part. Plaintiff's past medical bills will be admitted except the amount of the bills will be excluded. However, the amount of

///

the bills will not be excluded if the treatment provider testifies and the treatment provider has a medical lien for the amount.

**B.     ECF No. 106**

Defendant failed to respond to this motion.³ The Court agrees with Plaintiff and will grant her motion to prohibit Defendant from arguing how a verdict in Plaintiff's favor will affect Defendant.

**C.     ECF No. 107**

The Court has discretion to determine how voir dire is conducted to ensure selection of a fair and impartial jury in a fair and effective manner. While counsel is not permitted to conduct voir dire, the parties are given a full opportunity to present questions, assuming they are not determined to be objectionable, for the Court to direct to the prospective jurors. Proposed voir dire questions are filed in advance of trial and may be supplemented by counsel during jury selection. Accordingly, Plaintiff's motion in limine to allow attorneys to conduct voir dire is denied.⁴

**D.     ECF No. 109**

**1.     MIL No. 1**

In the June 11, 2015 Order, the Magistrate Judge granted Defendant's motion and excluded special damages—future medical expenses of $3,432,414.40 and past and future loss of earnings of $685,455.00—and the expert reports of Dr. Gross and Mr. Gamboa supporting these computations.⁵ (ECF No. 44; ECF No. 47 at 62.) This Court subsequently overruled Plaintiff's objection. (ECF No. 85.) The Court agrees with Plaintiff that the June 11, 2015, Order excludes the two expert witnesses' reports and their

---

³This is surprising given Plaintiff's counsel's certification that the parties conferred and failed to resolve this motion. (ECF No. 106 at 2.) The parties could have avoided wasting the Court's time in resolving an issue that is not disputed, which is the purpose of LR 16-3(a)'s consultation requirements.

⁴A motion in limine is not the proper vehicle to raise this issue since the motion does not pertain to admissibility of evidence.

⁵Defendant's motion also sought to exclude "expert opinions supportive of past medical expenses" as untimely disclosed. (ECF No. 38 at 4, 21-22.)

3

anticipated testimony relating to these special damages because they were not timely disclosed. Accordingly, these two expert witnesses may still testify as to issues other than Plaintiff's claimed special damages, except for Dr. Gross's opinions relating to past medical expenses. Defendant correctly recounted that its initial motion to exclude seeks to exclude Dr. Gross's December 16, 2014, supplemental report as untimely disclosed. (ECF No. 38 at 4, 21-22.) Plaintiff's opposition (ECF No. 40) and subsequent objection to the Magistrate Judge's June 11, 2015, Order (ECF No. 46) did not challenge the exclusion of Dr. Gross's opinions in the untimely report. Defendant's motion with respect to Dr. Gross and Mr. Gamboa is therefore granted in part and denied in part. Dr. Gross may not testify as to Plaintiff's special damages; and Mr. Gamboa may not testify as to Plaintiff's special damages and his December 16, 2014, supplemental report.

In the August 25, 2015, Order, the Magistrate Judge found that Dr. Kaplan is excluded as an expert and cannot offer his expert opinion, including as to the matters he stated in his April 22, 2015, letter, although he may testify as to his treatment of Plaintiff. (ECF No. 54 at 51-59.) The parties' brief shows little disagreement as to the scope of Dr. Kaplan's testimony. Thus, Defendant's motion relating to Dr. Kaplan's testimony is denied.

### 2. MIL No. 2

The Court agrees with Defendant that non-retained experts or experts who have not prepared an expert report cannot testify on matters not contained in their treatment records. However, to the extent Defendant argues that Plaintiff's treatment providers may not testify as to their opinion on the issue of causation formed during the course and scope of their treatment of Plaintiff, the Court disagrees. Defendant relies on *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011), where the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." In *Goodman,* the district court determined that plaintiff's treating physicians could not testify about causation in her case-in-chief because of plaintiff's failure to disclose expert witness reports. The Ninth Circuit observed that plaintiff's treatment providers reviewed

information provided by plaintiff's counsel that they had not reviewed during their course of treatment of plaintiff to render their opinions. The Ninth Circuit found that plaintiff's treatment providers were retained to offer opinions beyond the scope of the treatment they rendered and affirmed the district court's ruling. *Goodman* thus does not support Defendant's argument for a blanket exclusion to preclude treatment providers from testifying as to their opinion on causation even where the opinion was formed during the course of the treatment without complying with Rule 26(a)(2)(B)'s disclosure requirements.

The evidence Plaintiff offers in response supports her claim that her treatment physicians formed opinions as to the cause of her injuries during the course of her treatment. Accordingly, Defendant's motion to preclude Plaintiff's treatment providers from testifying as to opinions rendered during the course of Plaintiff's treatment is denied.

### 3. MIL No. 3

The Court grants Defendant's request to exclude witnesses, other than Plaintiff and Defendant's designated representative, from the courtroom before they testify. Plaintiff asks the Court to give her an opportunity to revisit this issue. That request is granted as in limine rulings are provisional.

### E. ECF No. 110

#### 1. MIL No. 4

##### a. Overview of Nevada Law on Premises Liability

Nevada law requires a business invitee who sustained an injury while on the business owner's premises to establish liability through negligence. *Sprague v. Lucky Stores, Inc.,* 849 P.2d 320, 322 (Nev. 1993). "Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Id.* (citations omitted). "Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id.* at 322-23 (citations omitted). However, the Nevada

Supreme Court has recognized that "there is a modern trend toward modifying this traditional approach to premises liability to accommodate newer merchandising techniques, such as the shift that grocery stores have made from clerk-assisted to self-service operations. *FGA, Inc. v. Giglio,* 278 P.3d 490, 496 (Nev. 2012). The court noted that one such approach is "mode of operation," which "focuses on the nature of the business at issue." *Id.*. "Under the mode of operation approach, the plaintiff's burden is to prove notice is not eliminated. Instead, the plaintiff satisfies the notice requirement if he establishes that an injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operations." *Id.* at 496-97 (citation and internal quotation marks omitted.) The Nevada Supreme Court "implicitly adopted the mode of operation approach" in *Sprague* where the plaintiff slipped and fell on a smashed grape left on the floor of the produce department of a grocery store, but the court declined to extend the approach to a sit-down restaurant. *See FGA,* 278 P.3d at 497.

### b. Analysis

Defendant argues that evidence of prior incident is not admissible to show notice under *Eldorado Club, Inc. v. Graff,* 377 P.2d 174 (Nev. 1962) because the alleged condition that caused Plaintiff's fall was temporary. Plaintiff counters that the dangerous condition here is permanent in that the condition was the lack of slip resistant flooring, and that condition, coupled with the temporary presence of water on the floor mat, caused her accident. Plaintiff tries to distinguish this case from the facts of *Eldorado Club,* where the plaintiff fell when he stepped on a lettuce leaf on a ramp leading from an alley to the floor of a receiving room. The Nevada Supreme Court addressed whether the district court committed error in admitting testimonies relating to two separate slip and fall incidents on the same ramp the year before—the first incident was because of "a smear or wet spot" and the second incident was because of a "lettuce leaf or some green leafy vegetable." *Id.* at 175. The court noted that the plaintiff did not contend there was any defect with the ramp or that the ramp was dangerous per se, but "the contention is that the ramp became

dangerous because of the presence of a lettuce leaf on it." *Id.* 176. The court held that evidence of past incidents is not admissible to show notice of a dangerous condition for the purpose of establishing defendant's duty "where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface [i.e., a lettuce leaf on ramp], which is not shown to be continuing." *Id.* at 176.

Here, the prior incident in July 2012 is not relevant to show notice of the condition as alleged by Plaintiff. The prior incident a customer reporting a fall at "the produce wet wall;" the customer was found on the floor and "the mat in front of her was pushed up and turned over with evidence [sic] of being wet." (ECF N. 110-6.) Both the circumstances of the prior incident and Plaintiff's fall suggest the presence of water on the floor, which is a temporary condition. Even accepting Plaintiff's contention that her accident was caused by the presence of water and the lack of slip resistance flooring, the July 2012 incident would not establish notice of the claimed permanent condition of lack of slip resistance flooring.

Plaintiff argues in the alternative that her claim falls within the "mode of operation approach" to liability. Under this approach, Plaintiff's burden is to show that her injury "was attributable to a reasonably foreseeable dangerous condition on [Defendant's] premises that is related to [its] self-service mode of operations." *See FGA,* 278 P.3d at 496-97. Plaintiff argues that the July 2012 prior incident is relevant to prove that the hazardous condition is foreseeable. However, it is not clear to the Court how the prior incident is probative given the differences between the two incidents as discussed above. Moreover, there was no clear indication of how the July 2012 incident occurred, in contrast to Plaintiff's claim that she stepped on a floor mat that had water underneath it. Based on the current record, the Court cannot determine that evidence of the July 2012 prior incident is probative of whether Plaintiff's injury "was attributable to a reasonably foreseeable dangerous condition." To be fair, Defendant has not had the opportunity to respond to

///

///

7

Plaintiff's argument that the mode of operation theory of liability applies here.[6] For these reasons, Defendant's motion will be denied without prejudice to Defendant raising its motion in the context of trial, after the Court has had the benefit of considering trial testimony. However, to prevent any prejudice to Defendant, Plaintiff will not be permitted to reference any prior incident during her opening or examination of witnesses until the Court resolves the admissibility of evidence of the prior incident.

### 2. MIL No. 5

Defendant seeks to exclude testimony from Plaintiff about a conversation with a Walmart bakery associate (Leslie) where Leslie purportedly related that she "had seen or heard from other people" about prior incidents. (ECF No. 114 at 15.) Plaintiff contends without explaining how Leslie's statement is not considered hearsay under Fed. R. Evid. 801(2). While the statement would be offered against Defendant, it is not clear to the Court how a bakery associate falls within the enumerated category of party representative under Fed. R. Evid. 801(2). Accordingly, as presented, Defendant's motion to exclude Plaintiff's testimony as to Leslie's statement that was based on what she "heard from other people" is granted.

### 3. MIL No. 6

Fed. R. Evid. 803(4) excepts a statement that "is made for—and is reasonably pertinent to—medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" to be admitted. The Court agrees with Plaintiff that the selected statements Plaintiff made to her treating physicians fall within Rule 803(4)'s exception as they relate to Plaintiff's perception and is "reasonably pertinent" to the general cause of her symptoms. Defendant's motion is denied.

///
///
///

---

[6]The Complaint does not allege liability through mode of operation. (ECF No. 1-2.)

**F.     ECF No. 111**

**1.     MIL No. 7**

Plaintiff does not dispute Defendant's contention that discovery has confirmed that video of the accident does not exist. Accordingly, the Court agrees with Defendant that Plaintiff should not be permitted to ask questions about the existence of the video or even suggest that video footage may be missing. Defendant's motion is granted.

**2.     MIL No. 8**

The parties do not dispute that Defendant's internal policies and procedures do not create a standard of care. Accordingly, the Court agrees with Defendant that whether its employees comply with its internal policies and procedures is irrelevant. Moreover, any probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues for the jury. However, the Court agrees with Plaintiff that should Defendant offer evidence of how its policies and procedures comply with industry standard or how its employees comply with its policies, then Plaintiff will be permitted to offer evidence to contradict Defendant's claim of compliance with its policies. Defendant's motion as presented is granted.

**G.     ECF No. 112**

Fed. R. Evid. 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

"The Supreme Court interpreted Rule 702 and articulated general guidelines for its application in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)." *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 *opinion amended on denial of reh'g sub nom. Jinro*

*Am., Inc. v. Secure Investments, Inc.*, 272 F.3d 1289 (9th Cir. 2001). "*Daubert,* the seminal opinion, focused on scientific testimony; *Kumho* made clear that *Daubert*'s principles apply to 'technical and other specialized knowledge' as well." *Id.* (citing *Kumho*, 526 U.S. at 141, 147-49).

"Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony." *Jinro*, 266 F.3d at 1004 (citations omitted). "An expert witness—unlike other witnesses—is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, so long as the expert's opinion [has] a reliable basis in the knowledge and experience of his discipline." *Id.* (citations and quotation marks omitted).

The Court agrees with Plaintiff that Thomas Jennings' proposed testimony is not improper under Rule 702. In arguing that Jennings' opinion that water is slippery is not based on any specialized knowledge and will not be helpful to the jury, Defendant offered a simplified characterization of Jennings' opinion. Jennings' opinion is not simply that "water on a floor will be slippery" as Defendant contends. (ECF No. 112 at 4.) Jennings' report states in part that "[t]he walking surface within the area of the produce department . . . was unsafe and slippery when contaminated with water per objective slip testing results." (ECF No 112-1 at 5.) His report explains the "series of slip resistance tests on the vinyl-surface tiles [ of the produce department]" using established testing protocols, and opines that the "Average Slip Resistance Value" of the areas tested in wet mode was 0.35 when a "safe and 'slip-resistant' walking surface is defined as having a slip resistance value of 0.50 or higher." (*Id.* at 3.) Thus, Jennings' expert opinion requires specialized knowledge and would be helpful to the jury in determining whether Defendant breached its duty of care.

As for Defendant's contention that Jennings opined on the issue of comparative fault, the Court again disagrees. Fed. R. Fed. 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Moreover, the basis of Jennings' opinion—that Plaintiff was not "running or otherwise performing any

biomechanical movements which contributed to her slip and fall event" (*id.* at 5)—may be challenged through his cross examination. It would be improper to exclude Jennings' testimony. The Court will deny Defendant's motion.

IV. **CONCLUSION**

It is therefore ordered that Plaintiff's motions in limine are disposed of as follows: ECF No. 105 is granted in part and denied in part; ECF No. 106 is granted; and ECF No. 107 is denied.

It is further ordered that Defendant's motions in limine (ECF Nos. 109, 110, 111, 112) are granted in part and denied in part as discussed above.

DATED THIS 10th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE